STEFANIE T. SHARP, ESQ. (NSB# 8661)
ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503
Telephone:    (775) 329-3151
Facsimile:    (775) 329-7169
Email:    sharp@rssblaw.com

*Attorneys for Plaintiff BioStem Technologies Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BIOSTEM TECHNOLOGIES, INC., a Florida corporation<br><br>Plaintiff,<br><br>vs.<br><br>PROTECTUS TECHNOLOGIES LLC, a Nevada limited liability company; PROTECTUS CONSULTING LLC, a Nevada limited liability company; PROTECTUS LLC, a Nevada limited liability company; and DOES I THROUGH X, inclusive;<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AND UNJUST ENRICHMENT** |

Comes now Plaintiff BIOSTEM TECHNOLOGIES, INC., a Florida corporation, by and through its counsel of record herein, STEFANIE T. SHARP, ESQ. of the law firm of ROBISON, SHARP, SULLIVAN & BRUST, LTD., and files this Complaint for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing and Unjust Enrichment alleging as follows:

## PARTIES

1.    Plaintiff BioStem Technologies, Inc. ("Plaintiff" or "BioStem"), is a Florida corporation, with its principal place of business located at 2836 Center Port Circle, Pompano Beach Florida 33064-2136.

2.    Defendant Protectus Technologies, LLC ("Protectus Technologies") is a Nevada limited liability company, with its principal place of business located at 4471 Dean Martin Drive, #4207, Las Vegas Nevada 89103.

3.    Defendant Protectus Consulting, LLC ("Protectus Consulting") is a Nevada limited

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

liability company, with its principal place of business located at 4471 Dean Martin Drive, #4207, Las Vegas Nevada 89103.

4.   Defendant Protectus, LLC ("Protectus") is a Nevada limited liability company, with its principal place of business located at 5940 S. Rainbow Boulevard, Las Vegas, Nevada, 89118.

5.   Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names because their true names and capacities are unknown to Plaintiff.  Plaintiff will amend this Complaint to assert the true names and capacities of said Defendants when the same are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants designated as a DOE Defendant are in some manner responsible for some or all of the damages and injuries sustained by Plaintiff.  When the true names and capacities of such Defendants become known, Plaintiff will seek leave to amend this Complaint.  Plaintiff is also ignorant of the true names and capacities of the defendants, whether individuals, entities or trustees, or successors in interest to such individuals, entities or trustees who have recorded liens or encumbrances against, or asserted an ownership interest in, the property that is the subject of this Complaint sued herein as persons and entities known and unknown, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

6.   Jurisdiction is proper pursuant to United States Code 28 § 1332.

7.   Venue is proper pursuant to United States Code 28 § 1391.

## BACKGROUND AND STATEMENT OF FACTS

8.   Plaintiff is a publicly traded biotechnology company which develops and produces perinatal tissue-based allografts.

9.   Defendants distribute wound closure products, sell aerial disinfection systems for medical use and provide medical consulting services.

10.   Defendants began ordering product called Vendaje (hereinafter the "Product") from Plaintiff in September of 2021. The Product is used to facilitate wound closure.  The parties agreed upon a purchase price for the Product. Product sales to the Defendants totaled $425,920 from the period from September 2021 until January 2022.

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

2

11. Defendants accepted the Product from Plaintiff and sold it to its customers. Defendants would instruct Plaintiff to ship the product to Defendants' customers and Plaintiff shipped the product as instructed.

12. Plaintiff is informed and believes that Defendants billed their customers, and were ultimately paid for the Product by their customers, in whole or in part, with funds received from the Centers for Medicare Services (CMS) from reimbursement the customers sought from third party contractors hired by the CMS to facilitate claim reimbursement.

13. No complaints about the Product were ever received from the Defendants. Defendants accepted the Product and paid Plaintiff's invoices as agreed until late January of 2022

14. Relying on Defendants' representations that payment would be forthcoming, Plaintiff, in good faith, continued to fill orders for Defendants until early March of 2022 when it became clear that Defendants' were not going to pay for the Product which they accepted from Plaintiff and sold. The last payment received by Plaintiff from Defendants was on March 2, 2022 for payment of Invoice Number INV6023098 dated January 20, 2022.

15. Plaintiff demanded payment from Defendants for the outstanding amount owed for the Product which Defendants accepted from Plaintiff and sold and Defendants have refused, and continue to refuse, to pay the amount owed.

16. Plaintiff is owed $133,336.85 from Defendants for Product which Defendants ordered, accepted and sold to Defendants' customers who paid Defendants for the Product.

## PLAINTIFF'S CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
#### Breach of Contract

17. Plaintiff incorporates by reference all prior allegations of this Complaint as though fully set forth herein.

18. A valid and binding contract for the purchase and sale of the Product was entered into between Plaintiff and the Defendants for the sale of the product from Plaintiff to the Defendants.

19. Plaintiff delivered the Product to Defendants and Defendants accepted the Product and sold it to their customers. Defendants' customers paid Defendants for the Product which they obtained from the Plaintiff with funds obtained in whole or in part from CMS.

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

3

20.    Defendants' breached the contract by failing and refusing to pay for the Product which they ordered, accepted and sold.

21.    Plaintiff performed its obligations under the contract in full.

22.    Due to the breaches of Defendants under the contract, Plaintiff has incurred damages in the amount of $133,336.85.

23.    Plaintiff has been required to obtain the services of an attorney to assist in the prosecution of this matter and is entitled to payment of its attorney's fees and costs incurred herein.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

## SECOND CLAIM FOR RELIEF
### Breach of the Covenant of Good Faith and Fair Dealing

24.    Plaintiff incorporates by reference all prior allegations of this Complaint as though fully set forth herein.

25.    Plaintiff and Defendants were parties to a contract as alleged herein.

26.    In Nevada, an implied covenant of good faith and fair dealing exists in every contract and Defendants owed a duty of good faith to Plaintiff under the contract.

27.    Defendants breached their duty of good faith to Plaintiff by performing in a manner which that was unfaithful to the purpose of the contract by failing and refusing to pay the amounts owed to Plaintiff thereunder.

28.    Due to Defendants breaches of their duty of good faith to Plaintiff, Plaintiff's justified expectations of being paid under the contract were denied.

29.    Due to Defendants breach of their duty of good faith under the contract, Plaintiff has incurred damages in the amount of $133,336.85.

30.    Plaintiff has been required to obtain the services of an attorney to assist in the prosecution of this matter and is entitled to payment of its attorney's fees and costs incurred herein.

WHEREFORE, prays for judgment against Defendants as set forth below.

././/

././/

././/

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

4

## THIRD CLAIM FOR RELIEF

### Unjust Enrichment

31.    Plaintiff incorporates by reference all prior allegations of this Complaint as though fully set forth herein.

32.    Plaintiff conferred a benefit on Defendants in the form of the Product which Defendants accepted, sold and received payment for from its customers with funds obtained in whole or in part from CMS.

33.    Defendants appreciated the benefit of the Product which they retained, sold and received payment for which payment they retained without paying Plaintiff.

34.    Under the circumstances alleged herein it would be unequitable for Defendants to retain the benefit they received from the Product without payment to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter judgment in its favor and against the Defendant as follows:

1.    For damages in the amount of $133,336.85, plus incidental damages to be determined at the tie of trial;

2.    For reasonable attorney's fees and costs; and

3.    For such other and further relief as this Court deems just and proper.

DATED this 28th day of June 2022

ROBISON, SHARP, SULLIVAN & BRUST
71 Washington Street
Reno, Nevada 89503


By: _____ /s/ Stefanie T. Sharp_____
STEFANIE T. SHARP
*Attorneys for Plaintiff*

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

5